The decision below is signed as a decision of the court.

Signed: May 22, 2007.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ERIKA R. BROWN, | ) | Case No. 06-00322 |
| | ) | (Chapter 7) |
| Debtor. | ) | |

### DECISION RE FEES AND EXPENSES OF TRUSTEE ON CONTEMPT MOTION

The debtor has not challenged the reasonableness of the fees and expenses sought by the trustee in pursuing his contempt motion. Accordingly, a judgment follows for the recovery by the trustee of those fees and expenses. The court is not ordering payment within 10 days as was proposed by the trustee's proposed order. Because the contempt award is a compensatory award, the judgment should be treated like any other judgment. Directing payment within 10 days would improperly suggest that the debtor's failure to pay the award within 10 days could subject her to further contempt proceedings, including coercive contempt sanctions. With rare exceptions (which are inapplicable here), compensatory judgments are, instead, collectible like any other monetary judgment via execution process. See Patterson v. America's Voice, Inc. (In re America's Voice, Inc.), 2000 WL

33529764 (Bankr. D.D.C., Oct. 4, 2000).

However, in order to encourage payment, and consistent with the trustee's proposed order, interest will not run on the judgment if the debtor makes full payment within 10 days after entry of the same.  In addition, the court notes that the judgment does not address whether the trustee would be entitled to surcharge the debtor's exempt property to collect the debt, and the judgment does not preclude that issue being raised later.

[Signed and dated above.]

Copies to: Debtor; Darrell W. Clark, Esq.; Office of U.S. Trustee; Debtor; Albert Wilson, Jr., Esq.; Seth Robbins, Esq.; Donald A. Workman, Esq; Roy Kaufmann, Esq.